Mathews, J.
delivered the opinion of the court. The plaintiffs and appellees claim a tract of land, described in their petition, as *663 heirs of Nancy Bradley, who succeeded, as sole heir, to her son, Joshua, who was tho legal heir of the land, at awl before the time of his death, having a title to it, by virtue of a sale, under private signature, by J. Clayton, who held under an incomplete title from the Spanish government. The defendant and appellant, who is in legal possession of the premises, sets up a title, derived from the same original proprietor, by an authentic deed of sale to Francis Bradley, a brother of Joshua, the person who filed a claim to the premises, before the commissioners of the United States, and obtained their certificate, confirming his title.
West. District.
Sept. 1818.
It is the opinion of this court, that the effect of the certificate thus obtained, does not, in any respect, alter the rights which may have been acquired under the former government of the country, and which must be decided or individuals, according to the laws and regulations of said government. Viewed in this manner, the certificate obtained by Joshua Bradley is nothing more than a confirmation of Clayton’s title, and must accrue to the benefit of persons claiming under him, by legal and bona fide contracts. The sale to Joshua Bradley, under whom the plaintiffs claim, being a private act, requires testimonial proof, even to give it force *664 and effect between the original parties; and, was it supported by legal testimony, would be clearly good between them, and, according to the principles of equity and justice, ought to bind third parties, who have a knowledge of the existence of such a sale.
In the case under consideration, the private act of sale, being oat of the powei anti control of the plaintiffs and appellees, they offered proof of its existence, and succeeded in establishing the fact, that a paper, purporting to be such a sale, did exist, and was, at one time, seen in the possession of Francis Bradley, un-tier whom the defendant claims title; but they have produced no evidence o~its genuineness-nothing to induce a belief, arising from legal proof that it was the act and deed of Clayton, the original proprietor of the land in dispute a fact, the proof of which is deemed indispensible by this court,. in making a legal deduction of title from Clayton to. the plaintiffs.
The circumstance of a probability that this act of sale was before the commissioners of the United States, and that they recognized it as genuine, cannot avail, in a dispute like the present, founded on a title not immediately deduced from the United States. - .
It is a general rule that, in all petitory ac- *665 tions for the recovery of property, the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary.
I. Baldwin for the plaintiffs, Wilson for the defendants
The failure of the plaintiffs, in the present case, to prove the genuineness of the act of sale from Clayton to Joshua Bradley, leaves them without a title, derived from the former to the latter, and, as they can claim nothing under the certificate of the commissioners of the United States, except in conformity with, and supported by, Clayton’s title.
On this ground alone, without examining any other question in the case, we are of opinion, that the plaintiffs and appellees have not shewn aught to authorize a judgment in their favor.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and, proceeding to give here such a judgment as, in our opinion, ought to have been given in the district court, it is ordered, adjudged and decreed, that judgment be entered for the defendant and appellant, with costs of suit, in both courts.